**VE–RI–TAS, INC. and Pat Walker's of Colorado, Inc., Appellants,**

**v.**

**ADVERTISING REVIEW COUNCIL OF METROPOLITAN DENVER, INC., Rocky Mountain Better Business Bureau, Inc., Advertising Club of Denver, W. Dan Bell, William L. Cook, Jerry Gart, Willa Brown, Robert E. Jordan, Galen E. Broyles, Marilyn Massey, Gordon R. Yates, Albert Fay Hill, Celestino G. Mendez, Jean Larson, Roy L. Jansen, Don Puffer, and George Truesdell, Appellees.**

No. 76–1525.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 5, 1977.

Decided Dec. 28, 1977.

David S. Koslow, Los Angeles, Cal. (Robert C. Hawley, Denver, Colo., Harrison W. Hertzberg, Los Angeles, Cal., Ireland, Stapleton, Pryor & Holmes, Denver, Colo., and Hertzberg, Kaplan & Koslow, Los Angeles, Cal., of counsel, with him on the brief), for appellants.

Thomas Kelley, of Yegge, Hall & Evans, Denver, Colo. (John D. Phillips, Jr., Denver, Colo., with him on the brief), for appellees.

Before SETH, Chief Judge, HOLLOWAY and BARRETT, Circuit Judges.

SETH, Chief Judge.

The plaintiffs asserted three separate claims based on violations of the Fourteenth Amendment, the antitrust laws, and in placing a burden on interstate commerce. The facts were fully developed during the course of extensive discovery, and both sides filed motions for summary judgment. The parties agreed that the record was complete. The trial court granted defendants' motion for summary judgment, and the plaintiffs appeal.

The plaintiffs assert that there was color of state law or state action as a consequence of a symbiotic relationship between the defendants and the governmental authorities as described in *Gilmore v. City of Montgomery,* 417 U.S. 556, 94 S.Ct. 2416, 41 L.Ed.2d 304; *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267; and *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45. The trial court concluded that defendants'

acts were not under color of state law, and that there was no public function by them under 42 U.S.C. § 1983.

The trial court found that defendants, the Colorado Attorney General, and the Denver District Attorney were all directing their efforts toward protection of the buying public. The record shows that the official agencies and the defendants were exchanging information, and were referring matters concerning deceptive advertising to each other. All were going in much the same direction, and their areas of interest and activity overlapped. The trial court found, however, that the complaint filed by the District Attorney against Pat Walker's of Colorado, Inc., was the result of the exercise of independent judgment of the prosecutor, and that alone.

The plaintiffs also assert that under *Hudgens v. NLRB,* 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196, the defendants were performing a public function. This "public function" issue is a difficult one to resolve. The standards sought to be imposed by the defendants are those of public concern and regulation. As the trial pointed out, the two functions overlap. The District Attorney refers complaints to the BBB, and it refers matters to the District Attorney, as mentioned above. It is not really "self-regulation." Appellees' brief states that there are some 20,000 businesses in the area and some 815 belong to the BBB. All the 20,000 probably do not advertise, but the 815 are seeking to regulate primarily nonmembers. It is thus hard to tell who the "self" is.

Probably the most significant or revealing aspect of the BBB—District Attorney relationship is the fact that if a nonmember refuses to change the advertisements it has been running or to stop them, the matter is referred to the District Attorney. This is advanced by the appellees as the exercise of their duty as a citizen, that is to report some misdeed. However, if this same nonmember had agreed to change the advertisement or to stop it in the face of appellees' threat, his misdeed would not be reported to the District Attorney. In each

instance, the transgressions are the same, but only if the BBB is unable to accomplish the enforcement it seeks is the matter reported. This reporting or non-reporting takes much of the luster from the image of a "good citizen" reporting a transgression. The appellees in their brief take a similar inconsistent position when they treat the situation where the nonmember abides by the Board decision as a "moral issue," and when the nonmember refuses to agree, it is a matter of fraud.

This lends some credence to the "public function" argument. This is coupled with the threat of reference to a public agency with the obvious ability to trigger some official response. It would seem to be a sufficient demonstration of its position to bring about some reaction from public law enforcement officials. This need not result in a formal charge. The District Attorney did not use the BBB, but the record clearly shows that the BBB used its ability to cause some official reaction by its reference to the District Attorney. Any good citizen can "demand" that charges be filed as did the letter of Mr. Hill as chairman of the ARB, but this was to demonstrate some clout where the position was not agreed to by the nonmembers. If there had been agreement there would not have been this good citizen letter. This is somewhat akin to selective enforcement.

All in all, we must say however that the facts show the activities and the relationships to closely approach the public function line, but do not cross it. The evidence is sparse on the use of the BBB, and the related entities, by the law enforcement agencies. They react to submissions by the BBB, but obviously initiate their own investigations and procedures. The BBB clearly does not function as an arm of official enforcement. We thus hold that the test of a public function has not been met. *Hudgens v. NLRB,* 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196; *Marsh v. Alabama,* 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265.

We agree with the conclusion of the trial court that the defendants were not acting under color of state law.

We have considered the antitrust issue advanced by the appellants, and we fully agree with the analysis of the antitrust issue as made by the trial court, and nothing would be served by a further discussion in this opinion. There is no basis for the claim by reason of the divergent positions and interests of the various parties.

The other points of appellants have been considered, but we find no merit in them.

AFFIRMED.